IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WAYNE ALVIN EVERHART                                                                    PLAINTIFF

v.                                       Civil No. 4:17-cv-04113

SHARON FLOURNOY, Nurse, Sevier
County Jail; DEPUTY CHRIS
WALCOTT, Jail Administrator,
Sevier County Jail; and ROBERT
GENTRY, Sheriff Sevier County                                                         DEFENDANTS

**ORDER**

After thorough consideration, I find it is appropriate to appoint counsel for the Plaintiff under 28 U.S.C. § 1915(e)(1). This section provides that: "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). While there is no constitutional or statutory right to appointed counsel in civil cases, the Court may request counsel to represent a person unable to afford counsel in a civil case. *See* 28 U.S.C. § 1915(e)(1); *see also Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The Court may request counsel represent an indigent *pro se* litigant, if the Court determines it is necessary, but only after the litigant has met his burden of showing that his claims are not frivolous. *See Edgington,* 52 F.3d at 780. The decision to appoint counsel in civil cases is committed to the discretion of the district court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Plaintiff has shown his remaining claims are not frivolous, therefore, I hereby appoint John Mark Burgess, Burgess Law Firm, PLLC, 4201 Texas Blvd., Texarkana, Texas 75503 to represent the Plaintiff. Counsel is advised the Court only has funds available to pay reasonable out-of-pocket

1

expenses he incurs in this representation. No federal funds are available to pay attorney's fees to counsel appointed under the provisions of 28 U.S.C. § 1915. In the event Plaintiff is a prevailing party at trial, counsel may certainly move for attorney's fees and costs under 42 U.S.C. § 1988.

Pursuant to Rule 83.6 of the Local Rules for the Eastern and Western Districts of Arkansas the Court may pay reasonable out-of-pocket expenses only where no funds are available from other sources to cover those expenses. The Court's authority to pay out-of-pocket expenses is limited. No single expenditure can exceed the amount of $500 without the attorney seeking the prior written approval of this court. Expenditures in excess of $500 require approval of this Court and of the Clerk of Court as to the impact of the expenditure on the fund.

Counsel is further advised that he should seek prior written approval of this Court before taking or incurring any single expenditure that exceeds the amount of $250. Discovery in this case has been completed and consequently, Mr. Burgess is only appointed for the purpose of preparing for and assisting Plaintiff during a jury trial.

The Clerk of the Court is **DIRECTED** to serve this order by certified mail on Mr. John Mark Burgess at 4201 Texas Blvd., Texarkana, Texas 75503. Mr. Burgess is **DIRECTED** to enter an appearance in this matter and sign up to receive electronic notifications via the CM/ECF system.

**IT IS SO ORDERED** this 23rd day of October 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE